[Cite as *State v. Leflore*, 2016-Ohio-722.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| CHARLES LEFLORE | : | Case No. 15CA63 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:       Appeal from the Richland County
                               Court of Common Pleas, Case No.
                               2013-CR-0059

JUDGMENT:                      Affirmed

DATE OF JUDGMENT:              February 23, 2016

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

BAMBI COUCH PAGE                          CHARLES LEFLORE, pro se
Prosecuting Attorney                      Inmate # 642344
                                          Marion Correctional Institution
By: DANIEL M. ROGERS                      P.O. Box 57
Assistant Prosecuting Attorney            940 Marion-Williamsport Road
38 S. Park Street                         Marion, Ohio 43302
Mansfield, Ohio 44902

*Baldwin, J.*

{¶1}  Defendant-appellant Charles Leflore appeals from the March 12, 2015 Judgment Entry of the Richland County Court of Common Pleas overruling his Motion to Withdraw Plea and for Discovery. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}  On February 8, 2013, the Richland County Grand Jury indicted appellant on one count of domestic violence in violation of R.C. 2919.25(A), a felony of the third degree, and one count of domestic violence in violation of R.C. 2919.25(C), a misdemeanor of the first degree. At his arraignment on February 19, 2013, appellant entered a plea of not guilty to the charges.

{¶3}  Pursuant to an Entry filed on March 26, 2013, the parties stipulated that appellant would plead no contest to the indictment and submit to a polygraph examination. As memorialized in a Judgment Entry filed on the same date, appellant pled no contest to the charges and the trial court reserved any finding pending completion of the polygraph examination.  Via a Judgment Entry filed on April 23, 2013, the trial court found appellant, who had failed the polygraph examination, guilty and ordered a presentence investigation.

{¶4}  On April 30, 2013, appellant filed a pro se Motion to Dismiss Indictment and a pro se Motion to Dismiss Plea.  In the second motion, appellant argued that the trial court violated Crim.R. 11 by failing to explain the consequences of a plea of no contest to him, that there was no evidence of a knife[1], and that based on the ineffective assistance of his trial counsel, he took, and flunked, a lie detector test that "he would never have

---

[1] The victim had alleged that appellant held a knife to her throat.

took, had in ineffective consul (sic) been truthful and forthright with him." Appellant claimed, in his motion, that his plea was made under duress and that the victim perjured herself at appellant's bond hearing.

{¶5} As memorialized in a Sentencing Entry filed on June 7, 2013, appellant was sentenced to 36 months in prison. The trial court, in its Entry, stated that the sentence included three (3) years of mandatory post release control. The trial court, pursuant to a Judgment Entry filed on June 21, 2013, overruled appellant's Motion to Dismiss Plea Previously, the trial court had orally overruled such motion at the June 5, 2013 sentencing hearing.

{¶6} On October 7, 2013, appellant appealed from the trial court's June 7, 2013 Sentencing Entry. The appeal was assigned Case No. 13 CA 90. In his docketing statement, appellant listed the probable issues for review as including ineffective assistance of counsel, failure of the trial court to advise him of his appeal rights, that his trial counsel left the courtroom during sentencing, and that he agreed to the polygraph examination under duress. On the same date, appellant filed a motion seeking leave to file a delayed appeal. The motion was denied by this Court on November 25, 2013.

{¶7} Appellant, on May 30, 2014, filed a Motion to Withdraw Plea. The trial court, pursuant to a Judgment Entry filed on March 12, 2015, overruled appellant's motion, in part, on the basis of the doctrine of res judicata. The trial court also found that appellant's claims were meritless. Appellant then filed a Notice of Appeal with the Ohio Supreme Court which declined to accept jurisdiction of the appeal.

{¶8} On April 15, 2015, appellant filed a Notice of Appeal from the trial court's March 12, 2015 Entry. The appeal was assigned Case No. 15 CA 34. Because, from the

face of the Notice of Appeal, it appeared that the appeal was untimely, this Court ordered appellant to provide this Court with any additional information or case law in support of jurisdiction on or before May 4, 2015. After appellant filed a written response, this Court, via a Judgment Entry filed on or about May 15, 2015, dismissed appellant's appeal for lack of jurisdiction, finding that the appeal was untimely.

{¶9} Appellant, on July 27, 2015, filed a Motion for Delayed Appeal, seeking again to file a delayed appeal from the trial court's March 12, 2015 Entry. This Court granted the motion.

{¶10} Appellant now raises the following assignments of error on appeal:

{¶11} 1. APPELLANT WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHTS TO A FAIR TRIAL AND COMPULSORY PROCESS FOR OBTAINING WITNESSES IN HIS FAVOR THROUGH INEFFECTIVE ASSISTANCE OF COURT APPOINTED COUNSEL.

{¶12} 2. THE STIPULATED TEST APPELLANT TOOK (POLYGRAPH TEST) WAS A VIOLATION OF DEFENDANTS 5TH AMENDMENT RIGHTS AGAINST SELF INCRIMINATION (DEFENDANT WAS ALSO FOUND GUILTY AND SENTENCED OFF THIS POLYGRAPH TEST).

{¶13} 3. PLEA WAS ENTERED UNDER AUSPICES OF THE NORTH CAROLINA VS. ALFORD 400 U.S. 25, 56.0 (DEFENDANT ALWAYS SAID HE WAS INNOCENT).

{¶14} 4. APPELLANT WAS NEVER VERBALLY TOLD OF APPEAL RIGHTS OR APPOINTED A (SIC) APPEAL COUNSAL (SIC).

{¶15} 5.   APPELLANT MOTION DISMISS/WITHDRAW WASN'T RULED ON UNTIL AFTER SENTENCING VIOLATING CRIM. R. 11 AND 12.

{¶16} 6.   COUNSEL FAILED TO RAISE THE ACTUAL INNOCENCE CLAIM 466 U.S. 668,104 S.CT. 2052. ED 2D 674 (1984).

{¶17} 7.    NO ONE ALLOWED DEFENDANT THE OPPORTUNITY TO ADVOCATE FOR LIGHTER SENTENCE.  COUNSEL OBJECTED TO NOTHING NOR ADVOCATED FOR LIGHTER SENTENCE.

{¶18} 8.    ISSUES OF INCOMPETENCY BY INEFFECTIVE COUNSEL THE DEFENSE OF DURESS, COMPULSION OF DURESS/COERCION OF DURESS.

{¶19} 9.  NO KNIFE IN DISCOVERY.

{¶20} 10.  NO INVESTIGATION BY TRIAL COUNSEL.

{¶21} 11.  NO SUBPOENA'S NOR WITNESS LIST.

{¶22} 12.  EXAMINER WAS NOT A DOCTOR OF THE MIND.

{¶23} 13.  P.R.C. FAILED TO MENTION THAT THE "PAROLE BOARD" COULD (MAY) IMPOSE A PRISON TERM.   COURT FAILED TO COMPLY WITH R.C. 2929.19(B)(3).

{¶24} We note that the only Entry that is the subject of this appeal is the trial court's March 12, 2015 Entry overruling appellant's May 30, 2014 Motion to Withdraw Plea.  Appellant, in his motion, had argued that he received ineffective assistance of counsel, that he was coerced into taking a polygraph examination, that he was not advised of his appeal rights, and that the victim perjured herself. He further argued that his trial counsel failed to file the motions requested by appellant, failed to present any mitigating evidence at sentencing, and did not call the "credible witnesses" that appellant

provided to counsel. He further had alleged that his trial counsel had left the sentencing hearing prematurely.

{¶25} Upon our review of the record, we concur with the trial court that appellant's claims are barred by the doctrine of res judicata. Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. As noted by the trial court, in Case No. 13 CA 90, appellant, in his affidavit in support of his Motion for Leave to File a Delayed Appeal from the June 7, 2013 Sentencing Entry, alleged that he was never advised of his appeal rights, that he received ineffective assistance of counsel, and that he took a polygraph examination under duress. Appellant further alleged that the victim had committed perjury. Appellant's motion was denied and his appeal was dismissed. The Ohio Supreme Court declined to accept jurisdiction of further appeal.

{¶26} We agree with the trial court that the doctrine of res judicata now prohibits appellant from raising claims that he could have raised in a timely direct appeal from his sentence or in his earlier 32.1 Motion to Withdraw. On such basis, appellant's thirteen assignments of error are, therefore, overruled.

{¶27} Accordingly, the judgment of the Richland County Court of Common Pleas is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.